## HARLOW vs. PIKE.

The regularity of the proceedings in the location of a town way, may be contested in an action of trespass *qu. cl. fregit*, against the surveyor who proceeds to open and make it; no *certiorari* lying to quash such proceedings.

It is necessary to the legality of a town way, that due notice be previously given by the selectmen to all persons interested in the location;—that they make a return of their doings under their hands, to the town;—and that it be accepted and allowed by the town, at a legal meeting, called for that purpose. The two latter facts may be proved by the record; but the return of the selectmen is not sufficient evidence of the notice.

Where a town way has been opened, publicly used, and acquiesced in, the legal presumption is, that the owners of the land were duly notified of its location.

IN an action of trespass *quare clausum fregit*, the defendant justified as surveyor of highways for the town of *Bangor*, and shewed that the *locus in quo* was laid out by the selectmen as a town way, and accepted as such by the inhabitants, at a legal meeting. Various objections were made by the plaintiff, against the regularity of the proceedings; among which was this, that no notice was given to him by the selectmen, prior to the laying out of the way, nor any opportunity to be heard before them, against the location of the way, or upon his claim for damages. These objections were overruled by *Perham* J. before whom the cause was tried in the Court below; and the plaintiff thereupon brought the cause into this Court, under exceptions, pursuant to the statute.

*Gilman*, for the plaintiff, now insisted upon the objection, contending that the report of the selectmen ought to be founded upon a full hearing of all the parties in interest; and that the owner of the lands ought to have an opportunity of adjusting the amount of his damages with them by compromise.

*Godfrey*, for the defendant, said that the notice in the warrant for calling the town meeting was sufficient for all the objects contended for; and that of this all ought to take notice, at their own peril.

MELLEN C. J. delivered the opinion of the Court at the *August* term in *Oxford*, as follows.

Though several objections have been made against the opinion of the court of Common Pleas, we are well satisfied that there is

no weight in any of them, except that which relates to the want of notice to the plaintiff of the intended location of the town way; but after mature consideration, we are satisfied that this objection must prevail. As such notice was necessary to the legal establishment of the way, the want of it may be taken advantage of in this summary manner; because in case of a town way, no *certiorari* lies, as it does to the court of sessions to quash irregular proceedings on their part in a location of a county road. It is true the statute of 1821, *ch.* 118, does not require that the selectmen, or the person by them appointed, should give notice of the intended location of a town way, to those through whose lands it is laid; still those persons are always more or less affected by such location, because they are entitled to damages occasioned thereby; and common justice requires that they should have notice that the town are about appropriating a portion of their lands for public use, so that they may take measures for their legal indemnity. This is a sound principle which must not be forgotten or disregarded. The law of *Massachusetts* of *Feb.* 27, 1787, did not require the court of general sessions of the peace to give notice to those towns through which a county road was prayed for, prior to an adjudication of its common convenience or necessity; and yet in many instances the proceedings of that court have been quashed on *certiorari*, because such notice was not given and because the plain principles of justice demanded that it should have been given. *Commonwealth v. Chase 2 Mass.* 170. *Same v. Coombs ib.* 624. *Same v. Cambridge 4 Mass.* 627. *Same v. Peters 3 Mass.* 229. When the above statute of *Massachusetts* was re-enacted in this State, a clause was inserted requiring such notice to be given previous to an adjudication. It has been urged that the reasons for giving notice to individuals in case of county roads, do not exist in case of town ways; that in case of a county road the return is made to the court under whose authority the committee proceed; and that unless they give notice to the persons interested (as they are by their warrant commanded to do) and through whose lands the road is located, they may have no knowledge of the fact, in season to apply for damages; but that in the case of a town way, as the return of the location must be laid before the town and be approved and allowed in a town

meeting called for the purpose, before the way can be establish-ed; all persons must be considered as notified of the way, because all are notified of the meeting.    This argument seems plausible, so far as it respects those who are inhabitants of the town; but as to those who own lands in the town, but live in other towns, the argument has no application.    A principle should be adopted which will apply to all owners; and we know of none so just and fair and equitable as that which requires the selectmen, or the person by them appointed, to give notice to the owners of land over which a town way is about to be laid, in the same manner as a committee of the court of sessions are bound to do.    In this manner justice will be done to all concerned, by placing at their command the means of obtaining it.    When the legality of a town way, therefore, comes in question, there must be proof offered that the selectmen, or the person by them appointed, gave due notice to all individuals interested in the location; that they or he made a return of the way to the town; and that the town, at a legal meeting called for the purpose, or in the warrant for call-ing which, an explicit article was contained in relation to the acceptance of the return, and the approval and allowance of the way, did accept, approve and allow it.    All these facts are to be proved by the records of the town; except the fact of notice; but this must be proved like other facts; as the return of the se-lectmen, even if it states the notice to have been given, is not made under oath, and does not bind others any more than the recitals of notice in the deed of an executor, administrator, guar-dian or collector.    In those cases where a town way has been opened and used and publicly known as a road, and acquiesced in in by all, the legal presumption would be that such notice had been given; and this, if uncontradicted by proof, would be suffi-cient.    Nothing of this kind appears in the present case; and on a view of the facts and application to them of the principles above stated, our opinion is that the decision of the Court of Common Pleas on the point in question, was incorrect; and, of course the plaintiff's exception is sustained and the verdict set aside.    A new trial is to be had at the bar of this Court.